**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PETER SZANTO,<br><br>        Appellant,<br><br>  v.<br><br>EVYE SZANTO, *et al.*,<br><br>        Appellees. | No.    22-35849<br><br>D.C. No. 3:20-cv-533-SI<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted August 27, 2024**

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

Peter Szanto appeals pro se from the District Court's order affirming the

Bankruptcy Court's award of attorney's fees as a sanction against Szanto in an

Adversary Proceeding. We have jurisdiction under 28 U.S.C. § 158(d). We review

de novo the District Court's decision on appeal from the Bankruptcy Court without

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

deference to the District Court. *In re Thorpe Insulation Co.*, 677 F.3d 869, 879 (9th Cir. 2012). We review an award of sanctions under an abuse of discretion standard. *In re DeVille*, 361 F.3d 539, 547 (9th Cir. 2004). We affirm.

Bankruptcy courts, like district courts, possess inherent power to sanction bad faith or willful misconduct. *In re Dyer*, 322 F.3d 1178, 1197 (9th Cir. 2003). The Bankruptcy Court found bad faith and willful misconduct, stating that the "list of all [Szanto's] frivolous and unwarranted actions that have both caused defendants to incur costs of responding and required wasted effort by the court are too numerous to list in their entirety" and concluded that Szanto's "conduct in this adversary proceeding is the most egregious, abusive conduct this court has observed, both on the bench and as an attorney." *In re Szanto*, Nos. 16-33185-pcm7, 16-3114-pcm, 2020 Bankr. LEXIS 646, at *20 (Bankr. D. Or. Mar. 10, 2020). Nothing in the record contradicts this finding.

In his opening brief, Szanto does not specifically and distinctly raise or argue any point that might cause this court to believe there was an abuse of discretion below.

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

2